UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:23-cv-00391-MOC

| | | |
|---|---|---|
| NAGASAIGOUTHAM INAMANAMELLURI, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WELLS FARGO BANK, | ) | |
| COLLABERA, | ) | |
| MITCHELL MARTIN, | ) | |
| RANDSTAD USA, | ) | |
| K-FORCE INC., AND | ) | |
| APEX SYSTEMS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se motion for recusal. (Doc. No. 45). Defendant K-Force opposes Plaintiff's motion. (Doc. No. 46). Because Plaintiff fails to provide evidence showing that the Court's impartiality "might reasonably be questioned," Plaintiff's motion will be **DENIED**. See 28 U.S.C. § 455(a).

Plaintiff's motion requests that this case be reassigned to a different Judge, which Defendant and the Court take as a request for recusal. Plaintiff's request is based on (1) the Court's grant of Defendants' motion for extension of time; (2) the Court's purported bias against pro se litigants; and (3) the Court's use of a credit card serviced by Defendant Wells Fargo.

Recusal of federal judges is governed by 28 U.S.C. § 455. That statute requires a judge to disqualify themself "in any proceeding where [their] impartiality might reasonably be questioned" as well as other statutorily enumerated circumstances. 28 U.S.C. § 455(a). As relevant here, recusal is required where the judge "has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" or "has a

1

financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(1), (4). To determine whether circumstances require recusal, Courts apply an objective standard. United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998).

Because none of the reasons underlying Plaintiff's motion create an objectively reasonable question as to the Court's impartiality, Plaintiff's motion will be denied. First, consider the Court's grant of Defendants' motion for extension of time. True, the Court granted Defendant's motion over Plaintiff's objection. But adverse rulings do not create a basis to question the Court's impartiality. See Peer v. Lewis, 571 Fed. Appx. 840, 847-48 (11th Cir. 2014). Motions for extension are routinely granted.

Second, Plaintiff complains that the Court is biased against pro se litigants. In support of this contention, Plaintiff provides an unfavorable online "review" of the Court by a person who purports to be a former pro se plaintiff. Plaintiff also suggests that the Court's reference to the Plaintiff as "pro se" evinces bias against self-represented litigants. Neither the unfavorable review nor the common practice of referring to pro se litigants as such supports an objectively reasonable finding that the Court is prejudiced against pro se litigants generally or this Plaintiff specifically. See 28 U.S.C. § 455(b)(1).

Finally, the Court's use of a credit card serviced by Defendant Wells Fargo does not create a financial interest in this proceeding that calls the Court's impartiality into question. 28 U.S.C. § 455(b)(4). A reasonable person would not be convinced that a Judge is biased in favor of a defendant merely because they have a credit card serviced by that defendant. See Ausherman v. Bank of Am. Corp., 216 F. Supp. 2d 530 (D. Md. 2002).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's pro se motion for recusal is **DENIED**.

Max O. Cogburn Jr
United States District Judge

Signed: December 6, 2023