UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-391-MOC

| | | |
|---|---|---|
| NAGASAIGOUTHAM INAMANAMELLURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WELLS FARGO BANK, | ) | |
| COLLABERA, | ) | |
| MITCHELL MARTIN, | ) | |
| RANDSTAD USA, | ) | |
| K-FORCE INC., AND | ) | |
| APEX SYSTEMS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on motions to dismiss Plaintiff's Complaint, filed by Defendants K-Force, Inc., Wells Fargo, Mitchell Martin, and Apex Systems, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. Nos. 15, 19, 23, 26).

**I. BACKGROUND**

This matter arises from Plaintiff's Complaint, presented as a "Memorandum in Support of Motion for U Visa Certification," against Defendants Wells Fargo, Apex Systems LLC, Randstad USA, Mitchell Martin, Collabera, and K-Force, Inc. (Doc. No. 1). Despite his lengthy Memorandum, Plaintiff only seeks one thing: for this Court "to sign his certification form[s] so that he may apply for the U visa." (Doc. No. 1 at 3). As Plaintiff explains it, "[w]ith the required certification, which may be signed by a state or federal judge, Applicants [sic] can then apply for the U visa with the U.S. Citizenship and Immigration Service ("USCIS")." (Id.). Plaintiff

1

reiterates this same request in the Conclusion section of his Memorandum, stating:

> For these reasons, we respectfully request that the Court sign Applicants' certification forms for the U visa. A set of proposed completed Form I-918 Supplement B corresponding to each Applicant is attached hereto as Exhibits XXX. USCIS Instructions regarding Form I-918 Supplement B is also attached as Exhibit X.

(Doc. No. 1 at 22). Plaintiff, however, did not attach Form I-918 Supplement B to his Memorandum, nor did he attach corresponding USCIS instructions.

Plaintiff appears to allege the following criminal conduct as a basis for U visa certification:

- After Plaintiff pointed out a "multibillion dollar [Wells Fargo] scandal," an unnamed Wells Fargo vendor "reached out to" Plaintiff's employer and "told them to cancel [Plaintiff's] visa." (Doc. No. 1 at 4).
- Wells Fargo and its vendors falsely arrested him using his roommates and placed people inside of his house to "get information" about him. (Id.).
- Wells Fargo and its vendors "bought" his lawyer to cover up his false arrest and bought his landlord so they could "stalk" him. (Id.).
- Plaintiff alleges the above conduct constitutes the following "crimes": domestic violence; stalking; conspiracy to stalk; extortion; and false arrest. (Id.).

## II. STANDARDS OF REVIEW

Defendants move to dismiss this action for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) and for failure to state a claim under FED. R. CIV. P. 12(b)(6).

Subject matter jurisdiction under Rule 12(b)(1) is a threshold question that must be addressed by the Court before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Under FED. R. CIV. P. 12(b)(1), this Court shall

dismiss any action over which it lacks subject matter jurisdiction. Plaintiff, as the party seeking federal jurisdiction, has the burden of proving that subject matter jurisdiction exists. Richmond, Fredricksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted). While the Court may construe Plaintiff's complaint liberally because he is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [his] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

**III. DISCUSSION**

The Court will dismiss this action for the reasons stated in Defendants' motions to

3

dismiss—namely, because Plaintiff fails to show that this Court may assert subject matter jurisdiction over his claims and because Plaintiff fails to state a claim on which relief may be granted against any of the named Defendants.[1]

Here, the only relief Plaintiff seeks is certification of a U visa. Congress created the nonimmigrant U visa classification as part of the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106–387, § 1513, 114 Stat. 1464 (2000). The stated purpose of the new classification was to

> strengthen the ability of law enforcement agencies to detect, investigate, and prosecute cases of domestic violence, sexual assault, trafficking of aliens, and other crimes described in section 101(a)(15)(U)(iii) of the Immigration and Nationality Act committed against aliens, while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States.

Id. § 1513(a)(2)(A). The nonimmigrant U visa classification was intended to "encourage law enforcement officials to better serve immigrant crime victims and to prosecute crimes committed against aliens," "facilitate the reporting of crimes to law enforcement officials by trafficked, exploited, victimized, and abused aliens who are not in lawful immigration status," and give law enforcement officials "a means to regularize the status of cooperating individuals during investigations or prosecutions." Id. § 1513(a)(2)(A)-(B).

To qualify for a U visa, an applicant must demonstrate that he (i) has suffered substantial physical or mental abuse as the result of having been the victim of qualifying criminal activity; (ii) possesses information concerning the qualifying criminal activity; and (iii) has been helpful, is being helpful or is likely to be helpful in investigating or prosecuting the qualifying criminal activity. See 8 U.S.C. § 1101(a)(15)(U)(i)(I)–(III). Qualifying criminal activity is limited to the

---

[1] While not all named Defendants have filed motions to dismiss, this Order of dismissal applies to all named Defendants.

following, or "any similar activity in violation of Federal, State, or local criminal law":

> rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; stalking; female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; fraud in foreign labor contracting (as defined in section 1351 of Title 18); or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes.

Id. § 1101(a)(15)(U)(iii).

United States Citizenship and Immigration Services has sole jurisdiction over U visa applications. 8 C.F.R. § 214.14(c)(1). To apply for a U visa, an applicant must first acquire a certification "from a Federal, State, or local law enforcement official, prosecutor, judge, or other Federal State, or local authority investigating criminal activity." Romero-Hernandez v. District of Columbia, 141 F. Supp. 3d 29, 32 (D.D.C. 2015). The decision to issue a certification for a U-visa application is discretionary. See Ordonez Orosco v. Napolitano, 598 F.3d 222, 226–27 (5th Cir. 2010).

As an initial matter, Plaintiff lacks a private right of action to bring a claim against any of the named Defendants for U visa certification; thus, the Court lacks subject matter jurisdiction over this case. Moreover, this Court is not a qualified certifying official, nor has Plaintiff established that he has been or will be helpful to an investigation or prosecution of any criminal activity. Nor is Plaintiff's Memorandum even a Complaint under Rule 3 of the Federal Rules of Civil Procedure, let alone a Complaint that asserts a claim upon which relief can be granted against any of the Defendants. Rather, Plaintiff's request is administrative and discretionary in nature, and a request that this Court can evaluate outside the context of its civil docket. As this Court has stated, "USCIS possesses 'sole jurisdiction' over all U visa petitions." Mondragon,

839 F. Supp. 2d 827, 829 (W.D.N.C. 2012) (citing 8 C.F.R. § 214.14(c)(1)). In holding that this Court did not have subject matter jurisdiction to review USCIS' decision denying the plaintiff's U visa application, this Court in Mondragon reasoned that "[b]ecause USCIS bases its U visa determinations entirely and solely on its own discretionary review of the evidence that aliens submit when petitioning for a U visa, the court has no basis to decide whether USCIS abused its discretion." Id.

Here, while Plaintiff is not seeking judicial review of USCIS' decision on his U visa, he is suing to compel this Court to sign a law enforcement certification (LEC) so he can apply to USCIS for such a visa. But, just like the issuance of the U visa itself, the issuance of a certification in support of a U visa is also a discretionary act that similarly is outside the scope of judicial review under the APA and this Court's subject matter jurisdiction. See Ordonez v. Chertoff, Civ. No. B-07-153, 2008 WL 5155728, at *4 (S.D. Texas Dec. 8, 2008) (finding that the issuance of a law enforcement certification (LEC) in support of a U visa application is a discretionary act under 8 U.S.C. § 1184(p) and holding that the decision of whether to issue a LEC cannot be reviewed by the Court).

Plaintiff cites Garcia v. Audubon Communities Mgmt., LLC, No. 08-1291, 2008 WL 1774584 (E.D. La. Apr. 15, 2008) for support. Garcia does not apply. In Garcia, the Court already had federal question subject matter jurisdiction over plaintiffs' underlying claims in the lawsuit, which included claims under the Fair Labor Standards Act. 2008 WL 1774584, at *1. The U visa certification issue arose in the context of an emergency motion filed by plaintiffs once the lawsuit was already underway and once jurisdiction had already been established. Id. The Court in Garcia ultimately exercised its discretionary authority and granted plaintiffs' emergency motion and agreed to sign U visa application Supplement B forms. Id. at *4. Here,

6

unlike Garcia, there is no pending lawsuit, nor are there even any claims for relief being asserted against any of the named Defendants. Rather, this entire proceeding is the request for certification, which does not provide this Court with subject matter jurisdiction.

Plaintiff's Memorandum also fails to assert a case or controversy under Article III of the Constitution. To establish a case or controversy, three elements must be established: (1) injury in fact, (2) traceability, and (3) redressability. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). Traceability, in particular, refers to causation – Plaintiff must show that some injury he has suffered was caused by the challenged conduct of Defendant and not by the independent action of some third party. See Lujan, 504 U.S. at 560. Here, there is no injury caused by any of the named Defendants that Plaintiff seeks to remedy. Accordingly, no Article IIII case or controversy can be established on the facts and relief set forth in Plaintiff's Memorandum.

Finally, there are no claims for relief asserted anywhere in Plaintiff's Memorandum. Plaintiff's Memorandum is not even a Complaint under Rule 3 of the Federal Rules of Civil Procedure, let alone a Complaint that satisfies Rule 12(b)(6)'s plausibility pleading requirements under Supreme Court precedent of Iqbal and Twombly. Because Plaintiff's Memorandum fails to assert any claims for relief against any of the named Defendants, this pleading cannot survive dismissal under Rule 12(b)(6).

## IV. CONCLUSION

For the reasons stated herein, the Court grants Defendants' motions to dismiss and dismisses this action without prejudice to Plaintiff to seek certification from the proper officials.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motions to Dismiss the Complaint, (Doc. Nos. 15, 19, 23, 26), are

**GRANTED**.

2. This action is dismissed without prejudice.

3. The Clerk is directed to terminate this action.

Signed: December 6, 2023

Max O. Cogburn Jr
United States District Judge